# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MARK A. MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-262 |
| ) | (Phillips) |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On June 30, 2010, the Honorable C. Clifford Shirley, United States Magistrate Judge, entered a Report and Recommendation ("R&R") [Doc. 16] in which he recommended that Plaintiff's Motion for Summary Judgment [Doc. 7] be denied, and that the Commissioner's Motion for Summary Judgment [Doc. 14] be granted. This matter is now before the Court on Plaintiff's timely objections to the R&R [Doc. 17]. As required by 28 U.S.C. § 626(b)(1) and Rule 72(b)(2), the Court has reviewed *de novo* those portions of the R&R [Doc. 16] to which the Plaintiff objects.

## I. ANALYSIS

Plaintiff has objected to the R&R, arguing that the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence, and that other procedural errors were committed. [Plaintiff's Objections, Doc. 17]. While Judge Shirley correctly rejected each of Plaintiff's arguments, the Court will address Plaintiff's first objection in more detail.

In his first objection, Plaintiff argues that the case should be remanded because the ALJ did not assist him in obtaining medical records that were not part of the Administrative Record. [Id. at

1

1-3]. Plaintiff's objection relates to an administrative hearing held on June 25, 2008. [*See* Tr. 23].

Generally, it is the claimant's burden to prove to the Social Security Administration ("SSA") that he is disabled in order to receive benefits. 20 C.F.R. § 404.1512(a); Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997). Therefore, the claimant "must bring to [the SSA's] attention everything that shows that [he is] disabled." 20 C.F.R. § 404.1512(a). "This means that [the claimant] must furnish medical and other evidence that [the SSA] can use to reach conclusions about [the claimant's] medical impariment(s) and, if material to the determination of whether [the claimant] is disabled, its effect on [his] ability to work on a sustained basis." Id.

Despite this general rule, the Court of Appeals for the Sixth Circuit has established a "special circumstances" exception, in which the ALJ has a "special, heightened" duty to develop the record. *See* Lashley v. Sec'y of HHS, 708 F.2d 1048, 1052 (6th Cir. 1983). In order for this exception to apply, the claimant must be "(1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures" Wilson v. Comm'r of Soc. Sec., 280 F.App'x 456, 459 (6th Cir. 2008) (citing Lashley, 708 F.2d at 1051-52). As the Court of Appeals has stated, "[t]he fact that [the claimant] appeared without counsel is not alone cause for error." Kidd v. Comm'r of Soc. Sec., 283 F. App'x 336, 345 (6th Cir. 2008) (citing Duncan v. Sec'y of HHS, 801 F.2d 847, 856 (6th Cir. 1986) ("[W]hen a claimant appears without counsel, the mere fact that a claimant was unrepresented is not grounds for reversal.")). Rather, courts "examine each case on its own merits to determine whether the ALJ failed to fully develop the record and therefore denied the claimant a full and fair hearing." Duncan, 801 F.2d at 856.

In Lashley, the Court of Appeals for the Sixth Circuit reversed a denial of disability benefits partly because the ALJ failed to develop "a full and fair record." Id. at 1051. In particular, the court

found that "special circumstances" existed because the claimant was seventy-nine years old with a fifth grade education (at the time of the hearing). Id. at 1049. In addition, the claimant had suffered two strokes, and had trouble reading, writing, and reasoning. Id. The court in Lashley found that the ALJ had conducted a "superficial examination" that "failed to heed the claimant's obvious confusion and inability to effectively present his case." Wilson, 280 F. App'x at 459 (citing Lashley, 708 F.2d at 1052).

In the R&R, Judge Shirley concluded that this case did not involve "special circumstances." [Doc. 16 at 17]. In response, Plaintiff argues that "special circumstances" existed because Plaintiff reads at a third grade level, and performs math at a fourth grade level. [Plaintiff's Objections, Doc. 17 at 1-3]. However, Plaintiff has not presented any evidence that he was confused during the hearing on June 25, 2008, that he did not understand the procedures used during the hearing, or that he lacked the mental capacity to effectively represent himself.

First, in order for the "special circumstances" exception to apply, the claimant must be unfamiliar with or not understand the hearing procedures. However, with regard to the hearing that Plaintiff's objection is based upon (June 25, 2008), Plaintiff had already participated in an earlier hearing before the ALJ. Thus, as Judge Shirley correctly recognizes, "[t]he fact that Plaintiff had already participated in an earlier hearing before ALJ Jack B. Williams leads the Court to believe that Plaintif was, if anything, more familiar with hearing procedures than the average DIB or SSI claimant, and thus less in need of special procedural protection." [Judge Shirley's R&R, Doc. 16 at 17].

Second, Plaintiff has not shown that his limited reading and math skills prevented him from effectively representing himself. For example, the facts of this case are much different than

Lambdin v. Comm'r of Soc. Sec., in which the court found that "special circumstances" existed because the *pro se* claimant was basically illiterate. 62 F. App'x 623, 625 (6th Cir. 2006). In Lambdin, the claimant testified that he could not read except for some "little words." Id. at 624. In contrast to Lambdin, the Plaintiff in the present case has significantly more developed reading and writing skills. The Court has reviewed the Administrative Record and found nothing that suggests that Plaintiff was incapable of effectively representing himself. Plaintiff has not cited to anything in the Administrative Record that suggests that Plaintiff was confused by any of the procedures used by the ALJ, or any questions asked. Thus, the Court does not find that "special circumstances" existed in this case.

However, even assuming that "special circumstances" existed, the Court does not find that the ALJ had an affirmative duty to provide medical records to Plaintiff that were not part of the Administrative Record. The Court agrees with Judge Shirley that Lashley did not impose "a duty on ALJs to actually locate and obtain medical records on behalf of a claimant." [Judge Shirley's R&R, Doc. 16 at 15]. As Judge Shirley correctly recognized:

> The 'special duty' rule articulated in Lashley and confirmed in Wilson is primarily a rule that requires extra effort and care rom ALJs in their administrative courtrooms. ALJs are meant to carry out their special duty so that the inquisitorial hearings that they conduct are always fair and determinedly truth-seeking. It is clear from a full reading of Lashley and Wilson the Court of Appeals intended to impose a duty on ALJs to develop the record to the fullest extent possible in the courtroom, by taking extra time and extra care in questioning the claimant and other witnesses during the hearing, and by making specific requests for additional documentation, testimony, or evidence that is unavailable at the hearing, but would be helpful in rendering a decision. *The Court of Appeals did not intend to impose a duty on ALJs to serve as a pro se claimant's investigator, researcher, records custodian, or advocate outside of the courtroom.*

[Judge Shirley's R&R, Doc. 16 at 14] [emphasis added and citations omitted].

4

While Plaintiff argues that the ALJ had an affirmative duty to provide medical records to Plaintiff that were not part of the Administrative Record, he does not cite in support a single published opinion by the Court of Appeals for the Sixth Circuit. Instead, Plaintiff relies upon a decision by the Court of Appeals for the Eleventh Circuit, Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995). First, the Court recognizes that this case is not binding on this Court. Second, the Court finds that Brown is substantially different than the present case. In Brown, the court held that an ALJ had a "special duty to develop the record" and breached that duty by not obtaining medical records that he promised to provide to the claimant. Id. During a hearing, the ALJ "indicated that he would request updated records" from the physician, id. at 934, and he also "agreed" to procure a report from another treating source, stating that he would "send for records from him," id. at 935. The court in Brown held that the ALJ breached his duty because he did not obtain the records that he promised the claimant. Id.

In the present case, Plaintiff argues–again, assuming that "special circumstances" existed– that the ALJ promised to provide medical records to him. In reality, Plaintiff has grossly mischaracterized the statements made by the ALJ during the hearing on June 25, 2008. The relevant portions of the June 25, 2008 hearing are as follows:

> Q. Well, I know about the left and Dr. Fernandez mentions that but doesn't mention the right.
>
> A. Well, it's because she has – I have no evidence yet till I have an MRI–
>
> Q. Well–
>
> A. —but it's present.
>
> Q. I understand. You're telling me–

A. Yes. Yes.

Q. That you have a problem with it but you can't document it medically-

A. Well

Q. Because you can't get the MRI.

A. Right, but in the records it's mentioned. It's documented.

Q. Okay. Well, we'll look at that when we-

A. Yeah.

Q. Get those.

A. There is a lot documented in there that I don't –

Q. Sure

A. Have.

Q. That's fine and we'll ask them for those records.

A. Oh, thank you.

Q. That's-

A. Okay.

Q. *Not a problem. How cooperative they are may be, but we'll try and deal with that as best we can.*

A. I figured if anybody could get them you could.

Q. *Well, you know, we can ask.* I don't always know whether we can do that or not but we'll try. We'll do our best.

A. Thank you.

[Tr. 32-33]. The ALJ did not promise to provide medical records to Plaintiff; the ALJ only said that he would "try" that he would do his "best." [Id.]. He even stated that he was unsure how

cooperative others would be in the procurement. [Id.]. Although the ALJ at one point states that he will "ask . . . for those records," he clarifies that statement shortly after by stating that he would "try." [Id.]. This is much different than the language used by the ALJ in Brown, in which the ALJ clearly promised the claimant that he would provide medical records. 44 F.3d at 935.

In any event, the Court reaffirms its ruling that "special circumstances" did not exist in this case, and therefore, no special duty was imposed on the ALJ. Accordingly, Plaintiff's objection is **OVERRULED**.

## II. CONCLUSION

The Court finds itself in complete agreement with Judge Shirley's thorough analysis of the legal issues. Specifically, because the ALJ's findings and conclusions were supported by substantial evidence, this Court will decline to reverse his ruling. Nor will this Court remand for further administrative proceedings.

Plaintiff's specific objections are without merit. Accordingly, Plaintiff's objections [Doc. 17] are **OVERRULED** and the R&R [Doc. 16] is **ACCEPTED IN WHOLE**, whereby Plaintiff's Motion for Summary Judgment [Doc. 7] is **DENIED** and the Commissioner's Motion for Summary Judgment [Doc. 14] is **GRANTED**. This case is therefore **DISMISSED**.

**IT IS SO ORDERED**.

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge